

# Fourth Court of Appeals
## San Antonio, Texas

August 6, 2021

No. 04-20-00388-CV

Jason Matthew **SMITH** and Christa Eve Smith,
Appellants

v.

Dana G. **KIRK,** Trustee of Kirk Ranch Trusts,
Appellees

From the County Court at Law, Kerr County, Texas
Trial Court No. 18935C
Honorable Susan Harris, Judge Presiding

# O R D E R

Sitting:      Rebeca C. Martinez, Chief Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

On July 1, 2020, the trial court signed an order denying appellants' motion for partial summary judgment and granting appellee's motion for summary judgment. The trial court's July 1, 2020 order also ordered the Kerr County Clerk to pay earnest money funds from the court registry to appellee and ordered the parties to pay their own attorney's fees and expenses. On July 30, 2020, appellants filed their notice of appeal.

After the parties filed their briefs in this court, we set the appeal for submission on March 3, 2021. On June 28, 2021, we issued a show cause order. We questioned whether the challenged order was a final order because it did not appear to dispose of all the causes of action in the case. Specifically, it appeared that the parties' claims regarding the payment of closing costs due to third parties and appellants' statutory fraud claim had not been resolved by the trial court. We ordered appellants to show cause why this appeal should not be dismissed for lack of jurisdiction.

On July 16, 2021, appellants filed a response to our show cause order. Among other things, appellants argue the challenged order disposed of all pending claims and is a final, appealable order. Appellants argue that the challenged order "necessarily precludes the

[a]ppellants' claims related to fraud" and that "the disposition of the [e]arnest [m]oney funds" to appellee and "not third parties" "would not necessarily mean that the issue was not resolved."

Because the parties have treated the challenged order as a final, appealable order and the order's intent with respect to finality is unclear, we (1) withdraw the March 3, 2021 submission date, (2) abate this appeal, and (3) remand the case to the trial court for clarification.

We ORDER the trial court, on or before **September 3, 2021**, to make findings and issue an order clarifying whether it intended its July 1, 2020 order to be a final order disposing of all pending claims. If the trial court determines its July 1, 2020 order was not intended to be a final order disposing of all pending claims, then the parties may obtain a severance order or a nonsuit order to make the July 1, 2020 order a final and appealable judgment. *See Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020); *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001) ("If the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court.").

We FURTHER ORDER the trial court clerk, the Kerr County Clerk, to file on or before **September 17, 2021**, a supplemental record containing any pleadings, orders, or judgments related to this order.

It is so **ORDERED** on August 6, 2021.

PER CURIAM

ATTESTED TO: _____
MICHAEL A. CRUZ, Clerk of Court